UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        NO. CR. S-11-427 LKK

    Plaintiff,

  v.                               O R D E R

ANGELA SHAVLOVSKY and
VITALY TUZMAN,

    Defendants.
_____/

    Defendants Shavlovsky and Tuzman each appeal from the condition of their respective release orders that provides that defendant "shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a." In addition, defendant Tuzman moves for the return of the DNA sample that he believes may have been taken from him by the U.S. Marshals Service.

    For the reasons set forth below, the referenced DNA sample requirement will be deleted from the defendants' respective release orders, and Tuzman's motion will be held in abeyance until the court can determine whether his DNA was taken.

1

**1.   U.S. v. Shavlovsky**

Upon defendant Shavlovsky's arrest for conspiracy to commit mail fraud, she became subject to a U.S. Attorney General regulation mandating that the arresting agency take a DNA sample from her, by force if necessary.  See 28 C.F.R. § 28.12(b) ("Any agency of the United States that arrests or detains ... individuals ... shall collect DNA samples from individuals who are arrested"), and 28 C.F.R. § 28.12(d) ("Agencies required to collect DNA samples under this section may use ... such means as are reasonably necessary to detain, restrain and collect a DNA sample from an individual described in paragraph ... (b) of this section who refuses to cooperate in the collection of the sample").  The regulation was promulgated pursuant to Section 14135a, 42 U.S.C., which provides:

> (a) Collection of DNA samples
>
>   (1) From individuals in custody
>
>     (A) The Attorney General may, as prescribed by the Attorney General in regulation, collect DNA samples from individuals who are arrested, facing charges, or convicted ... under the authority of the United States.  The Attorney General may delegate this function within the Department of Justice ....

42 U.S.C. § 14135a(a)(1)(A).

The arrest was effected by agents of the Federal Bureau of Investigation ("FBI").  It appears however, that the FBI agents did not take a DNA sample from Shavlovsky upon her arrest.  Defendant

2

was then held in custody by the U.S. Marshals Service ("USMS") pending her appearance before the Magistrate Judge.  However, it appears that the Marshals did not take defendant's DNA sample while they had her in custody.[1]

Defendant was brought before the U.S. Magistrate Judge and arraigned pursuant to Fed. R. Crim. P. 10.  At her arraignment, defendant pled "Not Guilty."  The government then announced that it was "not seeking detention with respect to Ms. Shavlovsky ...."[2]  The Magistrate Judge thereupon ordered defendant to be released upon her signing, and her daughter's co-signing, an unsecured appearance bond.

At that point, Shavlovsky again became subject to DNA testing. Section 3142(b), 18 U.S.C., provides that when an arrestee is to be released pre-trial, whether on "personal recognizance," pursuant to an "unsecured appearance bond" as in this case, or "on conditions," the Magistrate Judge <u>must</u> impose, as a condition of release, the requirement that the arrestee "cooperate in the collection of a DNA sample ... if the collection of such sample is authorized pursuant to ... 42 U.S.C. § 14135a."  18 U.S.C. § 3142(b) & (c)(1)(A).

Section 14135a(a)(1)(A), in turn, authorized the collection

---

[1] Shavlovsky's co-defendant, Tuzman, asserts that the Marshals may have taken a DNA sample from him while they had him in custody. His case is discussed below.

[2] Transcript of Arraignment at 8 (Dkt. No. 53).  The government's only concern in this regard was with who would be the co-signer on defendant's unsecured appearance bond.  That was cleared up by substituting a more suitable co-signer.

3

of DNA from defendant because at the time the Magistrate Judge imposed the requirement, that is, at defendant's arraignment: (i) defendant had been arrested; (ii) she was "in custody;" and (iii) the Attorney General had promulgated regulations, 28 C.F.R. § 28.12(b), mandating the collection of DNA samples from arrestees, by the arresting agency or by the agency that "detains individuals or supervises individuals facing charges."

Accordingly, Magistrate Judge Newman was required by law to impose the DNA collection as a condition of defendant's release. Over the defendant's objection therefore, the Magistrate Judge included in his release order a requirement that defendant "shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a." Nevertheless, it appears that the government still did not obtain defendant's DNA sample even though at that point, it had statutory and regulatory authority to do so, as well as a court order permitting it. Instead, the government apparently released Shavlovsky from custody without taking a DNA sample, and without seeking her "cooperation" in its collection. Defendant then appealed the release condition that ordered her to cooperate with the collection of a DNA sample (Dkt. No. 40).[3]

At the point of her release however, the government's

---

[3] Defendant asserts that the requirement violates her rights under the Fourth, Fifth and Eighth Amendments to the U.S. Constitution, and violates the Separation of Powers doctrine. For the reasons set forth below, it is not necessary to consider defendant's constitutional challenges.

authority to take defendant's DNA finally expired, because she was no longer "in custody."  42 U.S.C. § 14135a(a)(1) (statute provides for the "Collection of DNA samples ... from individuals in custody"); U.S. v. Baker, ___ F.3d ___, 2011 WL 4359923 at *6 (9th Cir. September 20, 2011) (citing the "in custody" language in the title of Section 14135a(a)(1), to hold that the defendant must be "in custody" for Section 14135a(a)(1) to apply to him). Simultaneously, the DNA collection portion of the Magistrate Judge's release order also expired, since it was conditioned upon its being "authorized by 42 U.S.C. § 14135a."  As established by Baker, Section 14135a ceased to "authorize[]" the collection of the DNA sample once the defendant was no longer "in custody." Baker, ___ F.3d ___, 2011 WL 4359923 at *6.

There appears to be no meaningful distinction between the situation in Baker, and the situation before the court.  In Baker, as here, the defendant was "in custody" when the judge imposed the DNA collection condition.[4]  However, after the judge imposed the condition, and before the arresting agency took defendant's DNA sample, the defendant in Baker was released on probation. Shavlovsky faces an analogous situation.  Here, after the judge imposed the DNA testing condition, and before the government took defendant's DNA sample, defendant was released on an unsecured

---

[4] The Ninth Circuit does not specifically state whether or not defendant was "in custody" at the time the condition was imposed. But a review of the docket sheet and the sentencing transcript makes clear that he was.  See U.S. v. Baker, 3:09 Cr. 966-CRB-2 (N.D. Cal.): Dkt. No. 124 (Criminal Pretrial Minutes of April 28, 2010); and Dkt. No. 138 (Transcript of April 28, 2010 proceedings).

appearance bond.

The factual differences between the two defendants do not appear to make a difference, either.  In <u>Baker</u>, the defendant had been convicted of a crime, and was on probation.  In this case, the defendant is purely an arrestee, with no prior criminal history.  The Ninth Circuit in <u>Baker</u>, despite defendant's conviction and probation status, applied Section 14135a(a)(**1**),[5] the section that also applies here, to arrestees like Shavlovsky.  Accordingly, Baker's DNA condition of release, like Shavlovsky's, could be justified only if the defendant was "in custody." <u>Baker</u>, ___ F.3d ___, 2011 WL 4359923 at *6.  Given that neither the <u>Baker</u> defendant, nor defendant Shavlovsky here, was "in custody" after release, the DNA testing requirement no longer applied.  Accordingly, the DNA testing requirement will be ordered deleted from defendant Shavlovsky's release order, as it was in <u>Baker</u>.[6]

**2.   <u>U.S. v. Tuzman</u>**

   **a.   Appeal of Condition of Release**

The Magistrate Judge also ordered defendant Tuzman to cooperate in the collection of a DNA sample as a condition of Tuzman's release, as required by law.  Tuzman appeals that condition.  Because Tuzman is not "in custody," and for the reasons

---

[5] The Ninth Circuit applied this section, rather than Section 14135a(a)(**2**) – the section applicable to persons on probation – because defendant had not committed a "qualifying offense," and therefore Section 14135a(a)(2) did not apply. <u>Baker</u>, ___ F.3d ___, 2011 WL 4359923 at *6.

[6] Accordingly, there is no basis for considering Shavlovsky's challenge to the constitutionality of the DNA sample requirement.

6

stated above, that condition will be deleted from Tuzman's release order.

### b.   Motion To Return DNA Sample

In contrast to Shavlovsky's situation however, Tuzman states that he "believes that the U.S. Marshal's Office already compelled a DNA sample from him while he was fingerprinted and photographed before court," presumably pursuant to 28 C.F.R. § 28.12(b) which, as stated above, mandates that the agency that "detains individuals ... facing charges" take an arrestee's DNA sample, by force if necessary. See 28 C.F.R. § 28.12(d) ("Agencies required to collect DNA samples under this section may use ... such means as are reasonably necessary to detain, restrain and collect a DNA sample from an individual described in paragraph ... (b) of this section who refuses to cooperate in the collection of the sample").

Defendant separately moves for return of the DNA sample he "believes" the U.S. Marshals Service may have been taken from him prior to his arraignment, that is, outside of any court-ordered condition of release.[7]   Accordingly, it appears that Tuzman

---

[7] The court acknowledges with appreciation, both parties' timely filings clarifying that the government does not discard the DNA sample after information gleaned from it has been uploaded into CODIS, notwithstanding any assertions made at the hearing on this matter. Rather, the government continues to store the sample. See Dkt. No. 68 (November 4, 2011) (Letter from Dominique N. Thomas, AUSA); Dkt. No. 70 (Defendant's "Memorandum Correcting Government's Factual Misstatements"); 73 Fed. Reg. 74,932, 74,938 (December 10, 2008) ("The retention of DNA samples after DNA profiles have been derived does not compromise [statutory protective measures] ... because the DNA samples are maintained in secure storage and are subject to essentially the same use restrictions and privacy protections as DNA profiles") (emphasis added).

challenges the constitutionality of an already-completed search and seizure apparently authorized by 42 U.S.C. § 14135a(a)(1)(A) (Attorney General or his designee "may" take DNA samples from arrestees), mandated by 28 C.F.R. § 28.12(b) (arresting and detaining authorities "shall" take DNA samples from arrestees), and possibly conducted pursuant to 28 C.F.R. § 28.12(d) (DNA samples may be taken from arrestees by force, if necessary).

The court will not consider the constitutionality of such action however, based upon defendant's mere belief or speculation that a DNA sample may have been taken. Since the government, specifically the U.S. Marshals Service, has the information to clarify the situation, it will be ordered to inform the court whether Tuzman's DNA sample was taken, or not.

**3.  Conclusion**

1.  The respective release orders for Shavlovsky and Tuzman are hereby **AMENDED** to delete the requirement that they cooperate with the collection of DNA samples.[8]

2.  Tuzman's motion to compel the USMS to return his DNA sample is **HELD IN ABEYANCE** until it can be determined whether a DNA sample was taken from him.

3.  Because the government is in the best position to know whether or not it took Tuzman's DNA sample, it is **ORDERED** to file

---

[8] This amendment is for clarification purposes only. Even without deleting the provision, defendants, who are not "in custody," are under no obligation to cooperate in the collection of their DNA sample, since, as discussed above, such collection is no longer "authorized" by 42 U.S.C. § 14135a.

8

1 a declaration in this case, sworn to by a person with knowledge,
2 stating whether or not it took a DNA sample from Tuzman.  If the
3 government cannot or will not provide such a declaration, it shall
4 provide a sworn declaration explaining why.[9]  The declaration (or
5 explanatory declaration) shall be filed no later than 14 days from
6 the date of this order.  Defendant Tuzman's response (if any),
7 shall be filed no later than 14 days from the date the government's
8 declaration is filed.
9    IT IS SO ORDERED.
10   DATED: November 9, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[9] The court notes that at the October 18, 2011 Status Conference in this case, the government stated that it would inform the court whether or not Tuzman's DNA had been submitted into the database.  Thus far, the government has not done so.