UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>ANGELA SHAVLOVSKY and<br>VITALY TUZMAN,<br>　　　　Defendants.<br>_____/ | NO. CR. S-11-427 LKK<br><br><br>O R D E R |

Defendant Shavlovsky appealed her conditional Release Order (Dkt Nos. 25, 27 & 30), challenging the constitutionality of the condition that she cooperate in the collection of her DNA sample as a condition of release. Tuzman, who was subjected to the same condition of release, joined in Shavlovsky's appeal.[1] Dkt. No. 42. The court declined to reach the constitutional question because neither defendant was "in custody," and therefore the condition no

---

[1] The September 30, 2011 arraignment transcript makes clear that Magistrate Judge Newman subjected Tuzman to the "cooperation in DNA" release condition. See U.S. v. Shavlovsky, 11-Cr-427-LKK, (September 30, 2011 arraignment transcript) Dkt. No. 53 at 17.**]**

1

longer applied, pursuant to U.S. v. Baker, 658 F.3d 1050, 1057 (9th Cir. 2011). The release order was amended to delete the DNA cooperation condition.

Defendant Tuzman's DNA sample was taken by a Deputy U.S. Marshal in the morning hours of September 30, 2011. See Garcia Decl. (Dkt. No. 76) ¶ 2 (Tuzman's DNA swab was taken at 8:00 am on September 30, 2011).[2] At the time, defendant had been placed under arrest, he was held "in custody" by the U.S. Marshal Service, and his arraignment would occur later that afternoon before Magistrate Judge Newman. It appears that the "compelled" taking of Tuzman's DNA sample was carried out pursuant to 28 C.F.R. § 28.12(b) (implementing 42 U.S.C. § 14135a(a)(1)(A)), which mandates that the agency that "detains individuals ... facing charges" take an arrestee's DNA sample, and apparently authorizes the use of force if necessary. See 28 C.F.R. § 28.12(d) ("Agencies required to collect DNA samples under this section may use ... such means as are reasonably necessary to detain, restrain and collect a DNA sample from an individual described in paragraph ... (b) of this section who refuses to cooperate in the collection of the sample").

Tuzman has moved for the return of his DNA sample pursuant to

---

[2] Because there was some uncertainty about whether the sample was actually taken or not, the court ordered the government to clarify the situation. The government has now filed a sworn declaration confirming that a Deputy U.S. Marshal collected a DNA sample from Tuzman "in compliance with processing procedures." Dkt. No. 76 ¶ 2. According to the declaration, the sample is in a "locked cabinet," and "has not been submitted to the FBI or a database." Dkt. No. 76 ¶ 3.

Fed. R. Crim. P. 41(g) and U.S. v. Comprehensive Drug Testing, Inc., 621 F.3d 1162 (9th Cir. 2010) (*en banc*) (per curiam), arguing that it was taken pursuant to an unlawful search and seizure. The court now orders:

1. The briefing of all parties that has already been submitted on co-defendant Shavlovsky's appeal of the conditional Release Order – which required Shavlovsky to cooperate in the collection of her DNA sample,[3] and which was joined by Tuzman – is already before the court and need not be re-submitted and will be considered in connection with Tuzman's motion to compel the return of his DNA sample.[4] Any party wishing to submit supplementary briefing shall do so not later than two weeks from the date of this order.

2. Tuzman's motion for return of his DNA sample (Dkt. No. 21), is hereby specially set for oral argument, on Wednesday, December 21, 2011 at 10:00 am.

IT IS SO ORDERED.

DATED: December 1, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] This requirement is imposed by 18 U.S.C. § 3142(b), which provides that when an arrestee is to be released pre-trial, whether on "personal recognizance," pursuant to an "unsecured appearance bond" as in this case, or "on conditions," the Magistrate Judge must impose, as a condition of release, the requirement that the arrestee "cooperate in the collection of a DNA sample ... if the collection of such sample is authorized pursuant to ... 42 U.S.C. § 14135a." 18 U.S.C. § 3142(b) & (c)(1)(A).

[4] See Dkt. No. 77 (November 28, 2011) (Tuzman requests the court to consider the Shavlovsky appeal briefs.)