McGREGOR W. SCOTT
United States Attorney
MICHELE BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:11-CR-0427 TLN CKD |
| Respondent, | **ORDER** |
| v. | |
| ANGELA SHAVLOVSKY, | |
| Movant. | |

For good cause, and based on the record in this case, the Court hereby FINDS that movant Angela Shavlovsky, through the claims of ineffective assistance of counsel made in her pending motion to correct her sentence pursuant to 28 U.S.C. § 2255, has waived the attorney-client privilege with respect to any discussions she had with her attorney Erin Radekin and any members of her defense team, including any advice or strategy, concerning the following allegations:

(1) The movant's attorney, Erin Radekin, unconstitutionally pressured her into pleading guilty and promised her that the factual basis appended to the plea agreement could be "negotiate[d] later." ECF Dkt. No. 305, at 4.

(2) The movant's attorney, Erin Radekin, failed to challenge the relevant conduct attributed to her at sentencing, as well as her role in the offense. ECF Dkt. No. 305, at 7. She also appears to allege that Ms. Radekin should have challenged the indictment on grounds of "selective prosecution" because of the allegedly small role in the offense that she played compared to that of others who were not charged. *Id.*

1

(3) The movant's attorney, Erin Radekin, rendered ineffective assistance of counsel by failing to investigate and object to the loss amount ultimately attributed to movant at sentencing, and by failing to request a split sentence. ECF Dkt. No. 305, at 9.

(4) The movant's attorney, Erin Radekin, rendered ineffective assistance of counsel by: failing to investigate the law and facts before "rushing" her into a change of plea; failing to ask for an evidentiary hearing; and failing to accept defendant's desire for specific expert testimony. ECF Dkt. No. 305, at 11.

(5) The movant's attorney, Erin Radekin, failed to advise her of a potential conflict of interest because of her alleged law partnership with an attorney (John Duree) who was representing Valeri Mysin – a codefendant in this case. ECF Dkt. No. 305, at 12.

(6) The movant's attorney, Erin Radekin, unconstitutionally delayed trial by spending time inducing her to accept the plea agreement. ECF Dkt. No. 305, at 12.

The Court further FINDS that the government is permitted to take discovery related to these allegations from the movant's former counsel, Erin Radekin, and any other member of the defense team who communicated with the movant concerning the foregoing allegations in order to respond to the movant's claims of ineffective assistance of counsel. *See Bittaker*, 331 F.3d at 719.

Accordingly, IT IS HEREBY ORDERED THAT attorney Erin Radekin, and any other member of the defense team who communicated with movant with respect to the foregoing allegations shall provide the government with copies of all notes, documents, records, or other evidence related to the allegations identified above. To the extent that the documents contain privileged information on other matters not delineated above, the aforementioned attorneys can redact that information.

IT IS FURTHER ORDERED THAT attorney Erin Radekin and any other member of the defense team who communicated with movant with respect to the foregoing allegations shall make themselves available for interviews to answer any questions posed by the government regarding the allegations discussed above. The aforementioned individuals, if called by either party, shall also testify in court on a date to be determined by the Court to answer any questions posed by the government or the movant regarding the allegations discussed above.

///

2

IT IS FURTHER ORDERED THAT the government shall limit its use of the documents, the information contained therein, and any information gathered from the interviews of Ms. Radekin or members of the defense team, to the rebuttal of the defendant's § 2255 claims.

IT IS FURTHER ORDERED THAT the government shall not use the documents, the information contained therein, or any information gathered from the interviews of Ms. Radekin or members of the defense team, against petitioner in any manner during any future proceeding, including any possible retrial; and the government shall treat the documents, the information contained therein, and any information gathered from the interviews of Ms. Radekin or members of the defense team, as confidential and shall not disseminate or disclose any information, documents, or the content of any documents obtained pursuant to this Order other than in the course of its litigation of this § 2255 proceeding.

IT IS SO ORDERED.

Dated: October 23, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
shav0427.mtc