UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANGELA SHAVLOVSKY,<br><br>Defendant. | No.  2:11-cr-00427-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Angela Shavlovsky's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).  (ECF No. 357.)  The Government filed an opposition.  (ECF No. 366.)  Defendant filed a reply.  (ECF No. 368.)  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 2016, Defendant pleaded guilty to conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. (ECF No. 236.) On June 15, 2017, the Court sentenced Defendant to a 51-month term of imprisonment followed by a 36-month term of supervised release. (ECF No. 270.) Defendant is currently serving her sentence at FCI Dublin. She has served approximately 35 months of her 51-month sentence of imprisonment and her projected release date is April 2021.

On August 7, 2020, Defendant filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 357.) Defendant requests the Court reduce her term of imprisonment to time served due to the COVID-19 pandemic. (*Id.* at 1.) Defendant is 61 years old and claims she is at an elevated risk for severe complications from COVID-19 because she suffers from multiple medical conditions, including obesity, hypertension, sleep apnea, osteoarthritis, and sinus tachycardia. (*Id.* at 7.) Defendant cites the conditions of her confinement at FCI Dublin as an additional factor in her vulnerability. (*Id.* at 9–10.) In opposition, the Government admits Defendant's obesity is a potentially qualifying medical condition in light of COVID-19. (ECF No. 366 at 8–9.) Regardless, the Government argues the Court should deny Defendant's motion because Defendant is a continuing danger to the community and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.

### II. ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

///

2

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on March 25, 2020. Additionally, Defendant's counsel submitted a separate request on May 13, 2020. Because more than 30 days have elapsed since Defendant's requests, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if she can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's medical records — filed under seal — confirm that she currently suffers from several health conditions, including obesity. More specifically, Defendant's records indicate she has a body mass index ("BMI") of 42.5. The Centers for Disease Control and Prevention has identified obesity — defined as a BMI of 30 or above — as a high-risk factor for COVID-19 complication. *See generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited September 2, 2020). While Defendant appears to be at an increased risk for COVID-19 based on her obesity, it bears mentioning that the BOP currently reports zero active inmate cases of COVID-19 at FCI Dublin. As such, Defendant's arguments are too general at this time. *See, e.g.*, *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns

about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

Even if Defendant satisfies the "extraordinary and compelling" requirement, however, the Court nonetheless denies Defendant's request for compassionate release based on the § 3553(a) factors. Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider the § 3553(a) factors before granting compassionate release.

At sentencing, Defendant's applicable guidelines range was 63–78 months of imprisonment. In the presentence report, the probation officer indicated she was unable to justify a below-guideline sentencing recommendation due to the seriousness of the offense and Defendant's role as a major participant. Despite the probation officer's recommendation, the Court ultimately sentenced Defendant to a 51-month term of imprisonment, which was the well below the applicable guidelines range. Defendant now seeks to reduce her sentence to time served despite having served only approximately 35 months of her sentence. In other words, Defendant is seeking a reduction from a well-supported, below-guidelines, 51-month sentence to a considerably lower 35-month sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears FCI Dublin has thus far been capable of adequately addressing Defendant's medical needs, especially in light of the fact that there are currently no reported inmate cases at the facility. Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 51-month sentence.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release. (ECF No. 357).

IT IS SO ORDERED.

DATED: September 3, 2020

Troy L. Nunley
United States District Judge